Colleen V. Leukhardt, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Nurse Examiners, Bureau of Professional & Occupational Affairs, Department of State, Respondent.

Argued June 8, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Steben H. Wyckoff,* with him *James E. Kennedy,* and *Weis & Weis,* for appellant.

*William Wheeler,* with him *Pamella J. Arnold,* Assistant Attorney General, *Charles L. Ford,* Chief

Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, July 18, 1979:

Colleen V. Leukhardt, a registered nurse, has appealed from an order of the State Board of Nurse Examiners formally reprimanding her for violating Section 14(3) of The Professional Nursing Law, Act of May 22, 1951, P.L. 317, *as amended,* 63 P.S. §224 (3), and its Regulation 21.11 at 49 Pa. Code §21.11. Section 14(3) of the Professional Nursing Law reads:

The Board may suspend or revoke any license in any case where the Board shall find that—

. . . .

(3) The licensee has wilfully or repeatedly violated any of the provisions of this act or of the regulations of the Board.

That part of Regulation 21.11 which the Board appears to have concluded was violated is subsection (a)(4) which provides:

The registered nurse assesses human responses and plans, implements and evaluates nursing care for individuals and families for whom the nurse is responsible. In carrying out this responsibility, the nurse performs all of the following functions:

. . . .

(4) Carries out nursing care actions which promote, maintain, and restore the well-being of individuals.

The Board, after a hearing, made the following findings of fact:

3. On July 10, 1976, the Respondent had in her care in the Intensive Care Unit of Western Pennsylvania Hospital, a patient Robert Lincoln, Jr.

4. At approximately 8:30 P.M. on the evening of July 10, 1976, Respondent, with the assistance of other nursing personnel, was changing the linen on patient Robert Lincoln's bed.

5. While attempting to change the patient's linen, Respondent slapped patient Robert Lincoln.

6. Respondent slapped patient Lincoln in order to induce him to release his hold on Respondent's arm.

7. There are other means whereby Respondent could have induced patient Lincoln to release his grasp on Respondent's arm.

The Board concluded that:

Findings of Fact Nos. 3 through 6 indicate that the Respondent violated §14(3) of the Professional Nurse Law, the Act of May 22, 1957, P.L. 317, *as amended*, [63 P.S. §224]; to wit: Respondent's actions in slapping a patient under her care constitute the violation of the standards of nursing care and in addition constitutes a disregard for the underlying philosophies, duties and obligations of a professional nurse as promulgated by the State Board of Nurse Examiners and as set forth in the Professional Nurse Law and the rules and regulations of the State Board of Nurse Examiners.

Mrs. Leukhardt contends that the Board's finding that she violated Section 14(3) of The Professional Nursing Law or any regulation is not supported by substantial evidence. We agree.

Robert Lincoln was disoriented and bedfast in the intensive care unit. Mrs. Leukhardt and two other nurses were trying to turn him over so that they might change his bed linen when he seized Mrs. Leukhardt's arm in a vise-like grip. The three nurses testified that Mrs. Leukhardt, as they described it, "tapped"

the back of Mr. Lincoln's hand to make him release his grasp. This occurred they said after they had repeatedly asked him to release Mrs. Leukhardt's arm and had tried to pry his fingers from her arm. The nurses testified that Mr. Lincoln was flailing his legs and was in danger of falling out of the bed and that Mrs. Leukhardt, who was supporting the upper portion of his body, had to have the use of her arm. Mrs. Lincoln, Robert Lincoln's wife, who was standing at the doorway of the unit and whose complaint to the Board inspired the charges against Mrs. Leukhardt, testified that she saw Mrs. Leukhardt strike her husband on the shoulder.[1]

The three nurses' testimony concerning their efforts to make Mr. Lincoln release Mrs. Leukhardt's arm before Mrs. Leukhardt tapped his hand is unrefuted. Hence, contrary to the Board's seventh finding of fact, the clear evidence is that Mrs. Leukhardt and the other nurses in fact used other means to induce Mr. Lincoln to release his grasp before Mrs. Leukhardt slapped Mr. Lincoln on the hand or shoulder.

Nor is the testimony of the three nurses that Mr. Lincoln was in danger of falling to the floor if Mrs. Leukhardt could not free her arm refuted. The Board concedes in finding that the slap, whether to the hand or shoulder, was intended to make Mr. Lincoln release Mrs. Leukhardt's arm and prevent the patient's fall. Therefore, contrary to the Board's apparent conclusion in this regard, Mrs. Leukhardt's actions were calculated to promote her patient's well-being, not impair it.

Section 14(3) of The Professional Nursing Law says that the nurse may be disciplined only if she "wilfully or repeatedly" violates regulations. Repe-

---

[1] The Board, it will be noted, found only that Mrs. Leukhardt slapped Mr. Lincoln, without naming a place.

322

tition of violations is not in this case. As for wilfulness, the Pennsylvania Supreme Court has held that the term refers to "an intentional, designed act and one without justifiable excuse." *Commonwealth ex rel. Wright v. Hendrick,* 455 Pa. 36, 40, 312 A.2d 402, 404 (1973). Since the Board concedes that the slap was to free Mrs. Leukhardt's arm and since the unrefuted evidence was that Mrs. Leukhardt needed the use of her arm to prevent the patient's fall, the act of slapping was with excuse and therefore not wilful.

The Board committed prejudicial error at the hearing by sustaining objections of Board counsel to cross-examination of Mrs. Lincoln concerning pending civil suits she had instituted in the Allegheny County Court of Common Pleas against Mrs. Leukhardt and Western Pennsylvania Hospital based on this incident—error which would have made a new hearing necessary had we not concluded that the record does not support the Board's findings or conclusions.

Order reversed.

#### ORDER

AND Now, this 18th day of July, 1979, the order of the State Board of Nurse Examiners dated March 31, 1978 formally reprimanding Colleen V. Leukhardt is reversed.