PER CURIAM.
The Department of Natural Resources appeals an order of the Career Service Commission (Commission) which reinstated ap-pellee to a position from which he had been dismissed November 15, 1979. We must affirm.
First, the basis for reviewing the Commission’s order is whether there is competent substantial evidence to support the order of the Commission. Section 110.309, Florida Statutes (1979) provides in pertinent part:
(1) A permanent employee in the State Career Service system who is suspended or dismissed by an agency or officer shall be entitled to a de novo fact-finding hearing. Such hearing shall be conducted by the commission itself, unless otherwise provided for by law.

(3) Upon a finding that just cause did not exist for the suspension or dismissal, the commission may order the reinstatement of the employee, with or without back pay.
(4) Upon a finding that just cause for disciplinary action existed, but did not justify the severity of the action taken, the commission may, in its discretion:
(a) Reduce a dismissal to a suspension for such time as the commission may fix; or
(b) Reduce the period of a suspension.
(5) Any order of the commission issued pursuant to subsection (3) or subsection (4) shall be conclusive on the agency or officer concerned .... [Emphasis added.[1]]
Section 110.305(7) provides for review of Commission orders as follows:
Decisions issued by the commission pursuant to this part shall be final agency action which shall be reviewable pursuant to chapter 120.
In turn, Section 120.68(10) provides:
If the agency’s action depends on any fact found by the agency in a proceeding meeting the requirements of s. 120.57 of the act, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact. The court shall, however, set aside agency action or remand the case to the agency if it finds that the agency’s action depends on any finding of fact that is not supported by competent substantial evidence in the record.
Prior to the statutory changes in Chapter 110 it is clear that the standard of review was whether there was competent substantial evidence to support the Commission’s order, given that the role of the Commission was to determine if there was competent substantial evidence to support the agency’s action in dismissing an employee. See Florida Dept. of Offender Rehabilitation v. Dunlap, 344 So.2d 608, 611 (Fla. 1st DCA 1977) and cases cited therein. Now Chapter 110, quoted above, makes it clear that the Commission does not perform primarily a review function. Rather it “reviews” a dismissal in the broad sense that *579 the legislature authorizes it to conduct a de novo fact-finding hearing. Accordingly, it is not required to uphold the agency’s dismissal though there may be competent substantial evidence supporting such action. The Commission, as the initial and sole trier of the facts, may judge credibility of witnesses, draw inferences from the evidence, and weigh the evidence. If the findings of fact in this regard support a determination that just cause did not exist for dismissal, then this finding is conclusive on the agency concerned if it is supported by competent substantial evidence in the record.
It is unnecessary to detail the factual issues presented in this case. In short, in light of the foregoing, we must affirm the Commission’s decision on all counts because the Commission’s finding that just cause did not exist is supported by competent substantial evidence. The other procedural points raised are without merit.
AFFIRMED.
McCORD, SHIVERS and JOANOS, JJ., concur.

. Former Section 110.061, Florida Statutes (1975) provided merely that the Commission shall make its finding and decision after hearing the appeal.