404 So.2d 149 (1981)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Clyde V. HANKERSON, Appellee.
No. AB-60.
District Court of Appeal of Florida, First District.
September 14, 1981.
John L. Pearce, Tallahassee, for appellant.
James D. White, Tallahassee, for appellee.
*150 PER CURIAM.
On appeal is an order of the Career Service Commission reinstating an employee, Clyde Hankerson, following his dismissal by the Department of Health and Rehabilitative Services ("HRS"). The Career Service Commission order does not reflect compliance with Section 110.309, Florida Statutes (1979), therefore, we reverse and remand.
Hankerson was employed by HRS as a dental assistant at Sunland. Simultaneously, he held a maintenance job at Godby High School. Hankerson had permission to arrive at Godby after leaving Sunland at 4:30 P.M., even though maintenance work began at 2:00 P.M. at Godby. Hankerson's employers became suspicious that he and another man employed at both places were falsifying time records. It was believed that one of the men left Sunland early and checked both men in at Godby, while the other stayed and checked both men out at Sunland at 4:30 P.M. During an investigation, Hankerson was observed checking in at Godby before 4:30 P.M. on several occasions. A comparison of time records showed that on numerous occasions, the two were clocked in at both places at the same time. Both men were fired from their jobs. Hankerson appealed his firing from Sunland by HRS to the Career Service Commission.
At the hearing before the Career Service Commission, evidence was presented showing that Hankerson had been given a good employee evaluation; in fact, his supervisor had stated he had potential to become an outstanding employee. The Chairman of the Commission asked the personnel director of Sunland why Hankerson had not been confronted with the suspicious early on in the investigation so that the employee could be salvaged. The personnel director replied that upon being confronted with the discrepancies in time records, Hankerson offered no explanation. In addition, the officials had waited until sufficient information was gathered before taking action.
The Career Service Commission entered an order essentially reflecting the facts stated above and concluding that HRS had proven the charges on which Hankerson's dismissal was predicated. The Commission went on to state that Hankerson had been doing a good job in a difficult position, one which was difficult to fill, and that he had been shown that such behavior would not be tolerated in the future. The Commission then ordered HRS to reinstate Hankerson without back pay. In effect, the Commission reduced the dismissal to a suspension and HRS appealed. Section 120.68(8) or 120.68(9), Florida Statutes, provides a basis for review in this court. Cf. Ehrenzeller v. Department of Health and Rehabilitative Services, 390 So.2d 181 (Fla. 2d DCA 1980).
Under the applicable statute, Section 110.309, Florida Statutes (1979), the Career Service Commission conducts a de novo hearing. Department of Natural Resources v. Edrington, 395 So.2d 577 (Fla. 1st DCA 1981). The Commission has several alternative courses which it may follow with regard to disciplinary action taken by an agency, each based upon a determination of just cause:
110.309 Procedure with respect to suspensions and dismissals. 
* * * * * *
(2) Upon a finding that just cause existed for the suspension or dismissal, the commission shall affirm the suspension or dismissal.
(3) Upon a finding that just cause did not exist for the suspension or dismissal, the commission may order the reinstatement of the employee, with or without back pay.
(4) Upon a finding that just cause for disciplinary action existed, but did not justify the severity of the action taken, the commission may, in its discretion:
(a) Reduce a dismissal to a suspension for such time as the commission may fix; or
(b) Reduce the period of a suspension.
At first glance, subsections (2) and (4) appear somewhat contradictory; however, the subsections can be read so that neither provision is without meaning. Read together, these two subsections indicate that if the *151 Commission determines that just cause existed for the particular action taken by the agency, whether suspension or dismissal, the Commission must affirm. If, however, the Commission determines that just cause existed for some disciplinary action, but not for the particular action taken by the agency, the Commission has discretion to modify the action, as set forth in 110.309(4)(a) or (b). Of course, if the Commission determines that just cause did not exist for any disciplinary action, it may order the reinstatement of the employee. Section 110.309(3).
The difficulty in this case is that the Commission made no finding whatsoever regarding the existence of just cause. The only basis given for modifying the action taken by HRS was that Hankerson had been doing a good job in a difficult position at Sunland. We cannot imply from that statement a determination that just cause did not exist for the dismissal, particularly when the Commission expressly found that HRS had proven the charges on which the dismissal had been based. The Commission must state in the order whether it finds, based on the existing record, that just cause existed for the dismissal, and if so, the Commission must affirm the decision of HRS. Section 110.309(2), Florida Statutes. If the Commission finds that just cause existed for some disciplinary action, but for suspension rather than dismissal it should clearly state as much in order that this court may review the Commission action and determine whether the Commission acted within its discretion and in compliance with the statute.
Reversed and remanded for entry of a final order, based on the existing record, in light of this opinion.
McCORD, SHIVERS and THOMPSON, JJ., concur.