423 So.2d 448 (1982)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Clyde V. HANKERSON, Appellee.
No. AJ-466.
District Court of Appeal of Florida, First District.
December 1, 1982.
John L. Pearce, Dept. of Health and Rehabilitative Services, Tallahassee, for appellant.
James D. White, Tallahassee Bar Ass'n, Legal Services Clinic, Tallahassee, for appellee.
WENTWORTH, Judge.
The Department of Health and Rehabilitative Services appeals an order of the Career Service Commission by which appellee's dismissal from employment was reduced to a seven month suspension. We find that the Commission's determinations lack competent substantial evidentiary support, *449 and we therefore reverse the order appealed.
Appellee and a co-employee were full-time employees of HRS, and also held an after-hours job at a local high school. After a conversation between supervisory personnel at both places of employment, both employers began to suspect that appellee may have been duplicating hours at both jobs. Rather than immediately confronting appellee with this suspicion, HRS undertook a three month investigation. A comparison of time cards revealed approximately 80 instances of duplicated hours when appellee and the co-employee were "clocked in" at the high school before being "clocked out" at HRS. After appellee was physically observed working at the high school while still "clocked in" with HRS, formal disciplinary proceedings were commenced and the agency determined that appellee should be dismissed from his employment.
Appellee sought review by the Career Service Commission and a § 110.309, Florida Statutes, de-novo fact-finding hearing was held. The Commission reduced appellee's termination to a suspension; this action was appealed and the cause was remanded to the Commission for more explicit factual findings. See Department of Health and Rehabilitative Services v. Hankerson, 404 So.2d 149 (Fla. 1st DCA 1981). On remand the Commission found that appellee had falsified his time records and had participated in a scheme with the co-employee whereby they "clocked one another in before actually arriving ... and out after actually leaving... ." However, the Commission further determined that appellee's "supervision was loose," and he was allowed "to come and go as he pleased." The Commission also found that appellee "had reason to think ... that he had consent to vary his time," that appellee had perhaps "acted on or by implied consent of his supervisor," and that "the agency failed in its responsibility as an employer to stop this conduct or to counsel the employee... ." The Commission determined that just cause did exist for disciplinary action, but did not justify the severity of the action taken, and the Commission then, pursuant to § 110.309(4)(a), reduced appellee's dismissal to a seven month suspension.
In a § 110.309 de-novo hearing the Commission, sitting "as the initial and sole trier of the facts, may judge credibility of witnesses, draw inferences from the evidence, and weigh the evidence." See Department of Natural Resources v. Edrington, 395 So.2d 577 (Fla. 1st DCA 1981). The burden of proof is upon the agency, see Florida Department of Health and Rehabilitative Services v. Career Service Commission, 289 So.2d 412 (Fla. 4th DCA 1974), and this court's task on appeal is merely to determine whether the Commission acted within the ambit of its discretionary authority. See Corte v. Career Service Commission, 386 So.2d 875 (Fla. 1st DCA 1980). In this regard the inquiry is whether the Commission action is supported by competent substantial evidence. Cf., Edrington. In the present case the record evidence supports the Commission's determination that appellee falsified his time records and participated in a scheme with a co-employee whereby they duplicated hours at both places of employment. But there is a complete absence of any evidentiary support for the other findings detailed above, which the Commission relied on to support its action in this case. Although appellee was not always under the direct physical observation of his immediate supervisor, the evidence was uncontradicted that appellee was not allowed to leave HRS premises early without the express permission of his supervisor. There is no evidence that appellee was ever led to believe he could vary his hours, and an "implied consent" theory is not supported by the agency's failure to reprimand appellee during the three month investigatory period, as appellee was never advised that the agency was aware of appellee's misconduct. Furthermore, it should be noted that appellee did not merely "vary his time" as the Commission indicates, but also, as the Commission found, affirmatively falsified his time records.
We conclude that the factors which the Commission relied on in reducing appellee's *450 dismissal to a suspension are not supported by any competent substantial evidence, and we determine that the Commission, pursuant to § 110.309(2), should have affirmed appellee's dismissal.
The order appealed is reversed and the cause remanded with directions that the Commission affirm the agency action of dismissal.
McCORD and BOOTH, JJ., concur.