LARRY G. SMITH, Judge.
In this consolidated appeal, the Department of Corrections attacks five orders of the Career Service Commission in which the Commission determined that appellees’ dismissals should be reduced to suspensions. We reverse.
Appellees, former employees at Sumter Correctional Institution, were dismissed because of their involvement in a “special counselling session” of ten prison inmates on February 4, 1982. The “special counsel-ling session” involved kicking and slapping the inmates, verbal abuse and the giving of close hair cuts to each of the inmates. Because the incident involved corporal punishment and such degradation of the inmates, the Department dismissed appellees. Section 944.35, Florida Statutes (1981); and Rule 33-4.03(21), Florida Administrative Code.
In their appeal to the Commission, appel-lees admitted their involvement in the spe *345 cial counselling session, but contended that mitigating circumstances required that their dismissals be reduced to suspensions. The Commission found that the Department had just cause to dismiss appellees for their behavior. Nevertheless, the Commission agreed with appellees that mitigating circumstances were present and required that their dismissals be reduced to suspensions.
In reversing appellees’ dismissals, the Commission exceeded the limits of its authority. Under the provisions of Section 110.309(2), Florida Statutes (1981), if the Commission determines that just cause exists for the particular action taken by the agency, the Commission must affirm. Only when the Commission determines that “just cause for disciplinary action existed,” but that the disciplinary action taken was not justified, may the Commission modify that particular action. See, Department of Health and Rehabilitative Services v. Hankerson, 404 So.2d 149 (Fla. 1st DCA 1981), construing Sections 110.309(2), and 110.-309(4)(a) and (b). In this case, once the Commission determined that the Department was justified in dismissing each of the appellees, it was required to affirm the decision of the agency. Hankerson, supra at 151.
The parties have devoted much of their argument to the issue of whether Section 944.35, Florida Statutes (1981) is mandatory, or directory only. This statute makes it unlawful for any corporal punishment to be inflicted upon any prisoner at any time. Appellant urges that the statute mandatorily requires appellees’ dismissal, while appel-lees argue that the statute is directory only, and has been so construed by appellant by its past actions, and by the adoption of Rule 33-4.03(21). Neither party has referred to our Hankerson decision, supra (although appellant does refer to our decision in the same case on appeal after remand, Department of Health and Rehabilitative Services v. Hankerson, 423 So.2d 448 (Fla. 1st DCA 1982)). However, we conclude that the statutory interpretation adopted in our initial Hankerson decision is dispositive of the issues on this appeal, and we therefore find it unnecessary to address the “mandatory— directory” argument with respect to Section 944.35. We find that upon application of the established law the action of the Commission must be set aside, and that the Department’s order of dismissal must be reinstated. Section 120.68(13), Florida Statutes (1981).
The orders of the Commission are reversed and the cause is remanded for further proceedings consistent with this opinion.
ERVIN, C.J., and MILLS, J., concur.