Ann Marie Rafferty, Petitioner v. Commonwealth of Pennsylvania, State Board of Nurse Examiners, Respondent.

Argued June 6, 1983, before President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

604 

*Daniel L. Thistle, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle,* for petitioner.

*Mary S. Wyatte,* Assistant Counsel, Bureau of Professional and Occupational Affairs, with her *David F. Phifer,* Chief Counsel, Department of State, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 6, 1984:

Ann Marie Rafferty petitions for review of a State Board of Nurse Examiners order revoking her license. We reverse.

While Nurse Rafferty was on duty in the Neuro-Intensive Care Unit of Thomas Jefferson University Hospital, a comatose patient under her care died.[1] She was charged with violations of various Board

[1] The patient in this case was considered brain-dead. While bathing the patient, Rafferty disconnected his respirator to check for spontaneous respiration. Patient did not respond and Rafferty reconnected him to the respirator. The patient subsequently suffered cardiac arrest and could not be resuscitated.

regulations.[2] Following a hearing, the Board found that Rafferty's violations under The Professional Nursing Law[3] were sufficient to revoke her professional license.

This Court must affirm the decision of a Commonwealth agency unless there has been an error of law, a violation of constitutional rights or the decision is not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The Board derived its authority from Section 14(3) of the Nursing Law,[4] which provides that a

---

[2] Rafferty was accused of violating the Rules and Regulations of the Board, 49 Pa. Code §21.11(a)(1) and (4) and Section 21.13 (1) and (2). 49 Pa. Code §21.11 provides, in pertinent part:

(a) The registered nurse assesses human responses and plans, implements and evaluates nursing care for individuals or families for whom the nurse is responsible. In carrying out this responsibility, the nurse performs all of the following functions:

(1) Collects complete and ongoing data to determine nursing care needs.

. . . .

(4) Carries out nursing care actions which promote, maintain, and restore the well-being of individuals.

49 Pa. Code §21.3 provides that:

The Board will ensure safe nursing services for the citizens of the Commonwealth. Embodied in this purpose are the following responsibilities:

(1) To establish safe standards for the preparation of registered and practical nurses in approved educational programs.

(2) To assure safe standards of nursing practice through examination and licensure of graduates of approved educational programs, through endorsement of registered and practical nurses from other jurisdictions, and through the regulation of the practice of nursing in this Commonwealth. . . .

[3] The Professional Nursing Law, Act of May 22, 1931, P.L. 317, as amended, 63 P.S. §224(3).

[4] 63 P.S. §224(3).

nurse who *willfully or repeatedly* violates the nursing regulations may have her license suspended or revoked. For the Board to revoke Rafferty's license, it must adduce that she was guilty of repeated violations or that her conduct was willful.

Her violation was not repetitious, nor was there a contention or charge by the Board that Rafferty had ever been charged with any violation prior to this single incident.[5] The record, in fact, discloses that in more than seven years in nursing, her record was unblemished. This being so, the only justification for the Board's revocation would have been a finding of willfulness.

This Court has defined willful under Section 14(3) as "an intentional, designed act and one without justifiable excuse." *Leukhardt v. State Board of Nursing Examiners*, 44 Pa. Commonwealth Ct. 318, 403 A.2d 645 (1979), citing *Commonwealth ex rel. Wright v. Hendrick*, 455 Pa. 36, 312 A.2d 402 (1973). We must conclude that a mere intentional act which results in a violation is not a "designed act" unless, by motivation, the act was intended to violate the regulation.

The Board found no deliberate or knowing violation, but merely acts which were deemed to deviate from accepted practice and which Rafferty, as a highly-qualified nurse, should have known and avoided. Those acts were errors of judgment which, on hindsight, were subject to severe criticism.[6] The

---

[5] While there are many items deemed to be deviations from what the Board considered to have been the standard of action expected of Rafferty, all of them stem directly from measures taken or not taken by her as a result of basically the one action of removing the respirator.

[6] In fact, there is no suggestion, much less a finding, that the patient's death following this episode was in any way caused or contributed to by petitioner's acts which were characterized as misadventures by the Board. The Board in its adjudication stated:

Board's conclusion that Rafferty's actions deviated from accepted practice does not, absent the intent to violate, raise her conduct to the level of willfulness.

We, therefore, hold that the Board erred in finding substantial evidence to invoke Section 14(3) of the Nursing Law and revoke Rafferty's nursing license.

Reversed.

ORDER

The order of the State Board of Nurse Examiners, dated December 28, 1981, is hereby reversed.

---

DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent. I cannot agree with the majority that in order to suspend or revoke a nurse's license, the Board is required to find specific intent to violate the nursing regulations. *Leukhardt v. State Board of Nursing Examiners*, 44 Pa. Commonwealth Ct. 318, 403 A.2d 645 (1979) does not so hold and cannot be construed to support such a requirement. The majority's holding allows a nurse guilty of a knowing and clear breach of an established hospital procedure to defend on the basis that in so acting contrary to proper medical procedure she/he did not intend to violate the Nursing Board's regulations. Under such a burden to prove specific motivation, the Board would never be able to perform its disciplinary duties.

The majority, while conceding that nurse Rafferty's behavior deviated from an accepted practice

---

It was not alleged, nor is it material, that Respondent caused Patient Bartus' death by removing the respirator or that she could have rescued him by immediately providing the proper care when she first witnessed life threatening arrithmyias [sic].

which she, as a highly-qualified nurse knew or should have known, characterizes her conduct as "mere intentional acts" and "errors of judgment." I submit that it is just such knowing and intentional deviations from accepted practice for which the Board has discretion to discipline under Section 14(3). And it is just such inexcusable errors of judgment for which the Board may suspend or revoke a nurse's license. *See Leukhardt.*

I would agree that, in light of nurse Rafferty's otherwise unblemished career, the penalty imposed by the Board in this case was harsh. I believe, however, that it was within the Board's discretion and was supported by substantial evidence. I do not believe this Court should reverse. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.