NESBITT, Judge.
The Department of Highway Safety and Motor Vehicles (the Department) appeals a Career Service Commission (the Commission) order reducing Highway Patrol Officer Gregg Taylor’s dismissal to a suspension.
On October 27,1982, Officer Taylor, then a two and one-half-year member of the Florida Highway Patrol, stopped to aid another officer, Epps, who had made a traffic stop. A passenger in the vehicle, William Sorrell, was being loud and boisterous and would not return to his seat in the car as directed. Trooper Taylor grabbed Sorrell by the arm and attempted to place him back in the car. Sorrell resisted and a scuffle ensued. Sorrell was wrestled to the ground, face down, in a prone position. Trooper Epps had handcuffed Sorrell’s left hand behind him and placed his (Epps’) knee in Sorrell’s back. While Sorrell was in this prone position, he freed his right hand from Taylor’s grasp and Taylor, believing a “potentially dangerous situation” had developed and that “something extra was needed to subdue Mr. Sorrell,” hit Sorrell on the forehead with his flashlight, causing a gash.
After a predetermination conference on a charge of willful maltreatment of a prisoner (in violation of Florida Administrative Code Rule 15-3.01), the Department issued a certified mail notice of termination dated April 5, 1983.
On appeal, the Commission found maltreatment, but not willful maltreatment. The Commission also found mitigating circumstances and ordered that Taylor’s dismissal be reduced to a six-month suspension.
The Commission made findings of fact that Taylor had wrongfully used his flashlight as a weapon and had maltreated a prisoner. Such findings are amply supported by the record evidence. To maltreat is to treat cruelly, handle roughly or abuse. The American Heritage Dictionary of the English Language 791 (1973). See also People v. Dednam, 55 I11.2d 565, 304 N.E.2d 627 (1973). Taylor’s use of the *552 flashlight as a weapon when Sorrell was in a prone position with one hand cuffed and another officer’s knee in his back was more force than was necessary to subdue Sorrell and constituted abuse or maltreatment.
This case turns on whether Taylor’s maltreatment was willful. The Commission found that it was not, but did not state grounds for the finding. We glean from the record and order two possible grounds, both of which are erroneous.
First, the Commission may have interpreted willful to require a showing of malice. Such a requirement would rob the rule of its effectiveness in protecting prisoners and others from intentional abuse by patrolmen. For purposes of Florida Administrative Code Rule 15-3.01, willfulness is satisfied by a conscious intentional act, see Dezell v. King, 91 So.2d 624, 626 (Fla.1956), done without justifiable excuse. Commonwealth ex rel. Wright v. Hendrick, 445 Pa. 36, 312 A.2d 402, 404 (1973); Leukhardt v. Commonwealth, State Board of Nurse Examiners, Bureau of Professional & Occupational Affairs, 44 Pa. Commw. 318, 403 A.2d 645 (Pa.Commw.Ct.1979).
The standard for willfulness just mentioned leads us to the second possible ground for the Commission’s finding; that is, justifiable excuse. The Commission’s order indicates that Taylor’s action was necessary to protect himself. It is our responsibility to determine whether there is competent substantial evidence to support such a finding. Department of Health & Rehabilitative Services v. Hankerson, 423 So.2d 448, 449 (Fla. 1st DCA 1982). If so, the use of such force would be excusable. However, the record in no way supports a self-defense justification. Sorrell was in no position to strike Taylor. There is no evidence that he reached for Taylor’s revolver and, in fact, the physical positions of the persons involved at the time the blow was struck made such a possibility extremely remote. Additionally, Taylor himself testified that when he struggled with Sorrell alone, before Epps came to his aid and all but subdued Sorrell, he was not concerned for his own safety or well-being. Surely, then, there was no reasonable cause for concern when Sorrell was prone, with a hand cuffed behind him, and Trooper Epps’ weight on his back. Finding no competent substantial evidence to support a finding of justifiable excuse, we reverse.
Taylor has cross-appealed his suspension on a number of grounds. Our resolution of the main appeal resolves some of those grounds adversely to Taylor. We find the other grounds to be without merit.
The order appealed from is reversed and the cause is remanded to the Commission for a determination of whether the severity of the disciplinary action was justified. § 110.309(4), Fla.Stat. (1983); see Department of Health & Rehabilitative Services v. Hankerson, 404 So.2d 149 (Fla. 1st DCA 1981).
Reversed and remanded with directions.