505 A.2d 357

Ann Marie Rafferty, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Nurse Examiners, Respondent.

Remanded from Supreme Court of Pennsylvania September 25, 1985 and submitted to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Daniel L. Thistle, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle,* for petitioner.

*Mary S. Wyatte,* Assistant Counsel, Bureau of Professional and Occupational Affairs, with her, *David F. Phifer,* Chief Counsel, Department of State, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 19, 1986:

Ann Marie Rafferty appealed a State Board of Nurse Examiners order revoking her nursing license. This Court reversed.[1] On appeal, the Pennsylvania Supreme Court reversed our Order and remanded the case to this Court.[2]

The Board had acted pursuant to Section 14(3) of The Professional Nursing Law (Act),[3] which provides that it may suspend or revoke any license if it finds that "[t]he licensee has *wilfully* or repeatedly vio-

---

[1] *Rafferty v. State Board of Nurse Examiners,* 80 Pa. Commonwealth Ct. 603, 471 A.2d 1339 (1984).

[2] *State Board of Nurse Examiners v. Rafferty,* 508 Pa. 566, 499 A.2d 289 (1985).

[3] Act of May 22, 1951, P.L. 317, *as amended,* 63 P.S. §224(3).

lated any of the provisions of th[e] act or of the regulations of the Board.'' (Emphasis added.)[4] Our Supreme Court has interpreted this provision as not referring to a nurse's motivation, and in so doing has held that (1) the Board need not prove a specific intent to violate the Act, or the rules and regulations promulgated thereunder, if the action of the offender is not in the best interest of patient care, in order to establish a "wilful" violation and (2) there was substantial evidence that Rafferty wilfully violated 49 Pa. Code §21.11(a)(4).[5] The Court ordered this remand for resolution of Rafferty's remaining contentions.[6]

[4] We reject Rafferty's argument that revocation is unduly harsh because our review of the record reveals no bad faith, fraud, capricious action or abuse of discretion. *See Norfolk and Western Railway Co. v. Pennsylvania Public Utility Commission*, 489 Pa. 109, 413 A.2d 1037 (1980).

[5] This section provides that:

(a) The registered nurse assesses human responses and plans, implements and evaluates nursing care for individuals or families for whom the nurse is responsible. In carrying out this responsibility, the nurse performs all of the following functions:

. . . .

(4) Carries out nursing care *actions which promote, maintain, and restore the well-being of individuals.* (Emphasis added.)

Rafferty violated this section by disconnecting her comatose patient from his respirator to perform an unauthorized evaluation of spontaneous respiration, leaving her patient after noting that he had no heartbeat, failing to perform external cardiac resuscitation and artificial respiration, failing to immediately call the code team and failing to attach the cardiac monitor strip to her patient's chart.

[6] The Board originally charged Rafferty with violations of 49 Pa. Code §21.13 and 49 Pa. Code §21.11(a)(1) as well as 49 Pa. Code §21.11(a)(4). However, our Supreme Court (1) held that the Board's conclusion that Rafferty's actions violated 49 Pa. Code §21.13 was not supported by the record because that section merely designates the individuals who may perform resuscitation and

Initially, Rafferty challenges Section 21.11(a)(4) as unconstitutionally vague. This section requires "nursing care actions which promote, maintain, and restore the well-being of individuals." We reject Rafferty's challenge because the regulation was not vague with respect to *her* conduct. *See diLeo v. Greenfield,* 541 F.2d 949 (2d Cir. 1976). Our Supreme Court upheld the Board's findings that Rafferty's actions were unauthorized, contraindicated and a serious deviation from acceptable nursing practice.

Rafferty also contends that she was denied a fair hearing due to the presence, at the hearing, of the attorney who represented Thomas Jefferson University Hospital in a lawsuit she filed against the Hospital. She argues that his presence compelled her to use material from that lawsuit to cross-examine the Commonwealth's witness and, thereby, tainted the proceedings.[7] We fail to see how Rafferty's mode of cross-examination could have been affected by the presence of this observer. Although Rafferty relies on this Court's finding of prejudicial error in *Leukhardt v. State Board of Nurse Examiners,* 44 Pa. Commonwealth Ct. 318, 403 A.2d 645 (1979) (the nurse charged

respiration and the circumstances under which they may be performed and (2) did not address the Board's conclusion that Rafferty violated 49 Pa. Code §21.11(a)(1) (requiring collection of complete and ongoing data to determine nursing care needs).

Therefore, we will limit our consideration to the constitutionality of 49 Pa. Code §21.11(a)(4) and the merit of Rafferty's procedural contentions.

[7] Rafferty also argues that the Hospital's attorney attempted to assist the prosecutor. The Board concedes that the Hospital's attorney handed the prosecutor a note during his direct examination of a Commonwealth witness. However, the record reveals (1) no allegation that this interruption affected the hearing and (2) that Rafferty's attorney was satisfied when the counsel for the Board honored his request (made after the interruption) that the Hospital's attorney be told that he has no participatory function at the hearing.

was precluded from cross-examining the complainant concerning civil suits initiated by the complainant against the nurse and her hospital employer), she was not similarly denied the right to cross-examine the Commonwealth's witness.[8]

Rafferty finally argues that the Board improperly failed to reopen the record for her treating physician's deposition testimony. A petition to reopen a proceeding for the purpose of taking additional evidence "shall set forth clearly the facts claimed to constitute *grounds requiring reopening* of the proceeding, *including material changes of fact or of law* alleged to have occurred since the conclusion of the hearing." 1 Pa. Code §35.231(a) (emphasis added). We hold that the Board did not improperly refuse to reopen the record because (1) Rafferty's request letter indicates no material *changes* of fact or law and (2) we cannot say that the Board abused its discretion[9] in determining that the facts set forth therein do not constitute grounds requiring the record be reopened.[10]

---

[8] Rafferty also intimates that the Board members' decision may have been colored by their possible present or past affiliations with the Hospital and, therefore, requests a new hearing at which Board members with any Hospital affiliations would recuse themselves. However, having inquired at the hearing as to whether any Board member was employed by the Hospital, Rafferty's lawyer was assured that this was not the case and *withdrew his inquiry.* Moreover, Rafferty did not initiate disqualification proceedings pursuant to 1 Pa. Code §35.186. A party may not raise on appeal any question not raised before the agency. 2 Pa. C. S. §703(a).

[9] The decision to deny a petition to reopen is a matter of agency discretion. *See* 1 Pa. Code §35.231(c) and *Department of Justice v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 542, 319 A.2d 692 (1974).

[10] The letter recited only that the treating physician was unavailable to testify at the hearing and that he testified at his deposition that (1) the patient would have been disconnected from life support the day after the incident, (2) upon his arrival, the treating physician told the code team to cease their efforts, (3)

Accordingly, we affirm the Board's decision.

### ORDER

The order of the State Board of Nurse Examiners dated December 28, 1981, is affirmed.

---

Hospital records indicated no improper care by Rafferty and (4) it is not against Hospital policy for a nurse to check for spontaneous respiration. Rafferty contends that this unobjected-to testimony was critical. We disagree. The deposition testimony has little or no bearing on her violation of the Nursing Law because (1) the fact that the patient would eventually have been disconnected from life support did not affect Rafferty's duty to him, (2) she had the duty to code her patient regardless of the treating physician's subsequent actions, (3) whether Rafferty provided proper care must be determined by the Board and (4) even if the Board found that no Hospital policy existed against a nurse checking for spontaneous respiration, it would not preclude the Board's determination that Rafferty's action was unauthorized, contraindicated and a serious deviation from acceptable nursing practice. Moreover, neither the critical nature of the treating physician's testimony nor his unavailability was ever mentioned at the hearing.