FERGUSON, Judge.
This case was previously before this court on an appeal by the Department of Highway Safety and Motor Vehicles (the Department) from an order of the Career Service Commission (the Commission) which reduced appellee Taylor’s dismissal from employment as a Highway Patrol officer to a suspension. State, Department of Highway Safety v. Taylor, 456 So.2d 550 (Fla. 3d DCA 1984). We specifically rejected the Commission’s determination, in overriding the Department’s findings, that appellee’s mistreatment of a prisoner was not willful. We rejected two of the possible unstated grounds for the Commission's ruling, one of which was self-defense. The cause was reversed and remanded to allow the Commission an opportunity to review the entire record for other findings to justi *127 fy its conclusion that dismissal, as a disciplinary action, was too severe.
On remand the Commission entered an “Amended Opinion and Order” in which it agreed with the Department’s finding that appellee’s maltreatment of the prisoner Sorrell was “willful.” The Commission held that the Department’s severe disciplinary action of dismissal was not justified because (1) appellee struck the prisoner in self-defense, and (2) the maltreatment occurred spontaneously during the heat of a scuffle instigated by the prisoner. These mitigating factors were the same as those found by the Commission in its original order which was the subject of the first appeal, except for the finding that the maltreatment “occurred spontaneously.”
A “spontaneous” act is defined as voluntary and impulsive, or the product of a sudden urge or desire. The American Heritage Dictionary 1248 (new college ed. 1981). Labeling appellee’s violent conduct as spontaneous makes it no less willful, and is, in our view, in light of the entire record, more an aggravating than a mitigating factor. The Department’s dismissal of appellee was based not only on the subject incident of prisoner maltreatment, but also on seven other disciplinary actions occurring during a period of employment of two years and eight months. One of those instances involved the excessive use of deadly force. A manifest inability on the part of a law enforcement officer to limit the use of force calculated to cause great bodily harm, to only those circumstances where it is required, certainly justifies dismissal.
Department of Health and Rehabilitative Services v. Hankerson, 423 So.2d 448 (Fla. 1st DCA 1982), is procedurally similar. There the Career Service Commission reduced the Department’s termination of an employee to a suspension on a finding that just cause did not exist for the severity of the action taken. On the Department’s first appeal the court remanded the cause to the Commission for more explicit factual findings. Department of Health and Rehabilitative Services v. Hankerson, 404 So.2d 149 (Fla. 1st DCA 1981). Accordingly the Commission made additional findings and conclusions in support of its decision. The court of appeal, in a second review, 423 So.2d 448, held that there was a complete absence of any evidentiary support for certain detailed findings of fact relied upon by the Commission to support its action and that the Commission should have affirmed the dismissal by the Department.
We find that the Commission’s amended findings on remand are totally devoid of any new factual findings supportive of its conclusion that Officer Taylor’s dismissal was not justified. See Hankerson, 423 So.2d at 449 (court of appeal’s task is to determine whether Commission’s action is supported by competent substantial evidence).
The Commission’s amended order is reversed and the cause is remanded with directions that the agency action of dismissal be affirmed.