**Debra J. SHOEMAKER, Petitioner,**

v.

**STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1996.

Decided Jan. 22, 1997.

Reargument Denied March 5, 1997.

---

Mark E. Halbruner, Lemoyne, for petitioner.

Larry T. Brandenburg, Harrisburg, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Debra J. Shoemaker (Petitioner) appeals from the decision of the State Employes' Retirement Board (Board), which denied her request to eliminate the frozen present value on her deceased husband's retirement account, and also denied her petition to reopen the record. We affirm.

Petitioner's husband (Shoemaker), an employee of the Pennsylvania Department of Transportation (DOT), was furloughed in 1978. At the time of his furlough, Shoemaker elected to receive a lump sum retirement benefit consisting of his employee contributions, followed by a monthly annuity payment for the Option 1 retirement plan. Upon Shoemaker's return to state service over two years later, the annuity payments ceased. Shoemaker was sent a letter stating that the present value of his retirement account would be frozen, and added to the value Shoemaker would accrue through future em-

ployment. In 1990 Shoemaker died, and Petitioner received a lump sum death benefit representing both the previous frozen present value, and the value of the current retirement account.

Subsequently, Petitioner contacted the State Employes' Retirement System (SERS), and requested that the frozen present value on Shoemaker's initial retirement account be eliminated.[1] SERS denied the request, and Petitioner requested a hearing before a hearing examiner who also recommended that Petitioner's request be denied. Petitioner appealed, and the Board issued two orders: (1) a denial of her request to reopen the record, and (2) a denial of her request to eliminate the frozen present value.

■ Petitioner argues that her petition to reopen the record should have been granted.[2] Petitioner sought to reopen the record to introduce: (a) evidence that other employees, counseled by a different SERS employee than Shoemaker, were later permitted to eliminate the frozen present value on their accounts;[3] (b) the testimony of the retirement counselor for Shoemaker; and (c) testimony of any SERS employees with knowledge as to this matter.

■ A petition to reopen "shall set forth clearly the facts claimed to constitute grounds requiring reopening of the proceedings, including material changes of fact or of law alleged to have occurred since the con-

clusion of the hearing." 1 Pa.Code § 35.231(a). In the case of *Rafferty v. State Board of Nurse Examiners*, 95 Pa.Cmwlth. 178, 505 A.2d 357 (1986), we held that because the request failed to indicate any material changes of fact or law, the State Board of Nurse Examiners did not improperly refuse to reopen the record. In addition, to serve as a basis to reopen the record, the material changes of fact must not have been discoverable prior to the conclusion of the hearing. *See generally, Pennsylvania Labor Relations Board v. Northeastern Educational Intermediate Unit No. 19*, 95 Pa.Cmwlth. 361, 505 A.2d 1068 (1986).

■ The entirety of the evidence which Petitioner now seeks to introduce was available at the time of the hearing and known to Petitioner, and she alleges no material changes of fact or of law to warrant a reopening of the record. Thus, the Board did not abuse its discretion in denying her petition.

■ Petitioner also argues that the Board erred in refusing to eliminate the frozen present value on Shoemaker's retirement account.[4] Section 5706 of the State Employes' Retirement Code, 71 Pa.C.S. § 5706(a),[5] as amended, provides that when an employee leaves state service, draws an annuity, and then returns to state service, the value of the employee's initial retirement benefit will be frozen. Upon his later retirement, the fro-

1. All parties agree that the elimination of the frozen present value would result in a substantially greater benefit to Petitioner.

2. This Court's scope of review of an agency order denying a petition to reopen an administrative hearing record is limited to determining whether the agency clearly abused its discretion. *Al Hamilton Contracting Co. v. Department of Environmental Resources*, 659 A.2d 31 (Pa.Cmwlth. 1995).

3. Initially, Petitioner argued that these employees were counseled by the same counselor as Shoemaker, Ms. Waddell. However, the Board took official notice of the fact that the employment and earnings records for the employees showed that none of them was counseled by Ms. Waddell. (126a). As the ultimate finder of fact, the Board may take notice of its own records. *Christiana v. Public School Employees' Retirement Board*, 166 Pa.Cmwlth. 300, 646 A.2d 645 (1994), *affirmed*, 543 Pa. 132, 669 A.2d 940 (1996).

4. This Court's scope of review of this order is limited to determining whether there was a violation of constitutional rights, whether the Board committed an error of law, or whether any material finding of fact is not supported by substantial evidence. *Simmonds v. State Employees' Retirement System*, 663 A.2d 304 (Pa.Cmwlth.1995).

5. By the Act of April 29, 1994, P.L. 159, No. 29, § 10, Section 5706 was amended to allow state employees who returned to state service to eliminate the frozen present value on their retirement accounts, provided certain requirements are met. 71 Pa.C.S. § 5706(c). The elimination of the frozen present value is achieved through an actuarial adjustment to the subsequent benefits earned, which deducts the previous annuity payments paid plus interest. However, since Petitioner's husband died in 1990, the 1994 amendment is not applicable to the disposition of this appeal.

zen value is added to whatever benefits the employee earned during his second period of state service.

Petitioner alleges that Shoemaker was miscounseled prior to his retirement regarding the effect a frozen present value would have on his benefits, if he were to return to employment with the state. Because Shoemaker elected to draw an annuity, and not to vest his retirement account, his benefit amounted to less than those furloughed employees who elected to vest their initial retirement and also later returned to state service. (76a). Petitioner alleges that these distinctions were not properly explained to Shoemaker prior to his election to receive the annuity.

However, Petitioner failed to present any evidence to the Board that Shoemaker was miscounseled, or received any misleading or erroneous information. Shoemaker could not testify as to the content of his counseling session, and Petitioner did not attend the session with him. Further, no documentary evidence exists regarding the content of the session.[6]

Petitioner, as the person asserting miscounseling as a basis for relief, bears the burden of establishing those affirmative facts necessary to sustain a claim of miscounseling. *Wingert v. State Employes' Retirement Board,* 138 Pa.Cmwlth. 43, 589 A.2d 269 (1991). Petitioner cannot meet her burden of proof by mere conjecture or by merely advancing possible hypotheses. *Anschel v. Pennsylvania Railroad,* 346 Pa. 123, 29 A.2d 694 (1943). Petitioner's conjecture of miscounseling alone does not establish a prima facie case, and thus Petitioner failed to meet her burden of proof regarding miscounseling. Therefore, the Board did not err in refusing

to eliminate the frozen present value on the account.[7]

Accordingly, we affirm.

### ORDER

AND NOW, this *22nd* day of *January,* 1997, the order of the State Employes' Retirement Board in the above-captioned matter is hereby affirmed.

---

6. The essence of Petitioner's argument regarding miscounseling is found on pages 12 and 13 of her brief, where she states that "Petitioner does not recall Decedent meeting with a retirement counselor at the time of his furlough. While this does not prove the total absence of counseling, it does suggest that Ms. Waddell failed to raise a very important issue with Decedent, i.e., the effect of a frozen present value. If Ms. Waddell had raised the issue, Decedent would likely have discussed the issue with Petitioner."

7. As the hearing examiner noted, it seems inequitable that if Shoemaker were alive to testify as to his counseling session, he may have been able to eliminate the frozen value on his account, as several of his co-workers have been able to do. It also seems harsh that since the statute has been amended, Shoemaker would have been able to challenge the frozen value on his account if he had lived. However, in the absence of affirmative evidence of miscounseling, Petitioner is unable to prove her case.