Commonwealth of Pennsylvania, Department of Justice, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee, and Robert E. Quin, Intervening Appellee.

Argued March 8, 1974, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Burton D. Morris,* Assistant Attorney General, with him *Lawrence Silver,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Jerry D. Duffie,* with him *Myers, Myers, Flower & Johnson,* for intervening appellee.

OPINION BY JUDGE ROGERS, May 21, 1974:

This is an appeal by the Department of Justice of the Commonwealth from an adjudication and order of the State Civil Service Commission sustaining the appeal of Robert E. Quin from the action of the Attorney General in removing him from his position of Administrative Officer III, regular status. The Department's appeal is without merit and the Commission's order will be affirmed.

At the time of his removal by the Attorney General, Mr. Quin was assigned by the Department of Justice to the Pennsylvania Crime Commission performing administrative duties. The statement of charges accompanying the notice of his termination detailed various acts by Mr. Quin of alleged inefficiency in the performance of services for the Crime Commission. Mr. Quin appealed his removal to the State Civil Service Commission which fixed a time and place for hearing and gave timely notice to the Department of Justice. At the hearing the Director of Administration of the Pennsylvania Crime Commission appeared without counsel, expressed the Commission's desire to go forward with the hearing and proceeded to testify as to various matters of which he had no personal knowledge whatsoever.

Some days after the hearing a Deputy Attorney General wrote to the Civil Service Commission requesting a reopening of the record so that the Department might appear with counsel. The Civil Service Commission refused this request and handed down the adjudication and order here appealed from, correctly concluding that the Department had failed to prove by substantial evidence any cause for Mr. Quin's removal. The Deputy Attorney General then applied to the Com-

544

mission for rehearing or reconsideration of the matter which apparently was not acted upon by the Civil Service Commission prior to the appeal to this Court.

The failure of the Department of Justice to provide counsel at the Civil Service Commission hearing is euphemistically described in its brief as being the result of "certain failures of communication and coordination of the Department of Justice." The only issues raised by the Department in this appeal relate to the refusal of the Civil Service Commission to reopen the case after the hearing but before adjudication and its failure to grant rehearing or reconsideration after the adjudication was entered. The argument centers on the following sentence in the adjudication: "As a matter of fact, neither the Civil Service Act, as amended, or the Rules of this Commission provide for reopening or rehearing an appeal hearing."

The Department argues that a General Rule of Administrative Practice and Procedure at 1 Pa. Code §35.231 provides for a petition to reopen after hearing and before adjudication and that, therefore, the Commission committed an error of law in denying its application on the ground that the Civil Service Act and Commission Rules do not provide for rehearing. The Department fails to mention that the General Rule referred to provides as the purpose of the petition to reopen the taking of additional evidence and that, as the Commission in its adjudication correctly pointed out, the Department's application referred to no additional evidence which it desired to adduce but was confined to its desire to retry the matter with legal counsel present.

As noted, the Department also contends that the Civil Service Commission erred in refusing to grant its post adjudication application for rehearing or reconsideration because another General Rule at 1 Pa. Code §31.241 provides for such an application. The

Department again cites the sentence from the adjudication quoted above as evidence of the Commission's ignorance of the General Rules. The post adjudication application authorized by 1 Pa. Code §31.241 requires a specification of errors. The Deputy Attorney General's application specified three errors allegedly committed by the Commission, as follows: (1) The failure of the Commission to continue the hearing on its own motion when no counsel appeared for the Department, (2) the Commission's "insistence" that the hearing proceed "despite the increasingly evident fact that the Appointing Authority, being inadequately represented, was unable to make a proper and sufficient presentation of its case", and (3) the alleged error of the Commission in refusing the Department's application to reopen after the hearing and before the adjudication. We, as did the Commission, find nothing in these specifications which should have moved the Commission to rehear or reconsider the case. The Director of Administration of the Pennsylvania Crime Commission, far from asking for a continuance, asserted that he was representing the Department of Justice and that he was ready to proceed. The Commission's examiner did not insist on proceeding with the hearing and had no reason to suppose that the Appointing Authority, as the hearing progressed, would not at some point adduce competent evidence in support of its action. Finally, the refusal of the Commission to reopen the proceeding was, for the reasons hereinbefore stated, proper.

In *Department of Revenue v. Salvatore*, 3 Pa. Commonwealth Ct. 590, 284 A.2d 512 (1971) we held that the Civil Service Commission did not abuse its discretion in denying a petition for rehearing after adjudication adverse to the Appointing Authority which because of a Departmental mistake had been unrepresented by counsel at the Commission hearing. Judge WILKINSON there remarked:

546

"The strongest case the Commonwealth, Department of Revenue, could make for its position in this appeal is that the Civil Service Commission abused its discretion in failing to grant a rehearing. We do not agree. In fact, a stronger case could be made that it would have been an abuse of discretion, if any there be, after adjudication and order, to grant a rehearing in this case." 3 Pa. Commonwealth Ct. at 594, 284 A.2d at 514.

### ORDER

AND NOW, this 21st day of May, 1974, the appeal of the Department of Justice of the Commonwealth of Pennsylvania is dismissed, and the adjudication and order of the State Civil Service Commission is affirmed.