Jay Fritz, Jr. and Lenore Fritz, Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued September 15, 1983, before Judges MAC-PHAIL, DOYLE and BARBIERI, sitting as a panel of three.

John A. Mihalik, Hummel, James & Mihalik, for petitioners.

Andrew H. Cline, Assistant Counsel, with him Ward T. Williams, Chief Counsel, and Jay C. Waldman, General Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 12, 1983:

This is an appeal by Jay Fritz, Jr. and Lenore Fritz (Petitioners) from an order of the Secretary of the Pennsylvania Department of Transportation (Department) which dismissed Petitioners' application for rehearing, petition to reopen, and exceptions to the proposed report and order directing removal of Petitioners' sign.

Petitioners are the owners of an antique shop located near the town of Bloomsburg in Hemlock Township, Pennsylvania. Petitioners advertise their business and its location by means of an unlighted eight feet by twenty-four feet sign visible from Interstate Route 80. Petitioners attempted to secure a permit for a directional sign in May of 1978, arguing that since the business is located in an old mill of local significance, a directional sign would be in the public interest. A sign directing the public to the Magee Transportation Museum had previously been permitted at the same location as Petitioners' sign. On

June 1, 1978 the Department, without a hearing, denied the permit and on August 21, 1978 Petitioners filed a Petition for Review with this Court.[1] The Department agreed to provide a hearing and on January 12, 1981 the Petition for Review was withdrawn.

An administrative proceeding was initiated by the Department but a hearing was never held because Petitioners notified the Department that they no longer wished to pursue the matter. The Department nevertheless submitted an affidavit of the Outdoor Advertising Control Manager and the Presiding Officer issued a proposed report which denied the permit application and ordered that the sign be removed. Petitioners thereafter filed exceptions to the proposed report, an application for rehearing or reconsideration, and a petition to reopen. By order dated July 8, 1982, the Secretary of Transportation dismissed the exceptions and denied the application and petition. The appeal to this Court followed in which Petitioners assert that they have been improperly subjected to selective administrative enforcement of the Outdoor Advertising Control Act of 1971, Act of December 15, 1971, P.L. 596, *as amended,* 36 P.S. §§2718.101-2718.115 and its corresponding regulations found at 67 Pa. Code, Chapter 445.

A decision to grant a rehearing or to reopen a record is within the discretion of an administrative agency, and the exercise of that discretion by the agency will not be reversed unless a clear abuse is shown. *See Muehleisen v. State Civil Service Commission,* 66 Pa. Commonwealth Ct. 95, 443 A.2d 867 (1982) ; *Department of Justice v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 542, 319 A.2d 692 (1974). A petition for rehearing is properly de-

---

[1] Docketed at 1512 C.D. 1978.

nied unless it is shown that circumstances have changed or new evidence has become available. *City of Philadelphia v. Pennsylvania Public Utility Commission,* 185 Pa. Superior Ct. 598, 138 A.2d 698 (1958); *see also Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

In the case at bar, Petitioners raised the issue of selective administrative enforcement on petition to this Court when the Department first denied their sign permit application without a hearing. When the Department afforded Petitioners a hearing, however, they failed to attend and communicated to the Department their intention to abandon the matter. They cannot now be heard to raise matters and issues which should have been raised and developed at that hearing.[2] The exceptions, application for rehearing and petition to reopen the record assert no change of circumstances or new evidence which could not have been presented at the hearing or which was not known or available at that time. We therefore find no abuse of discretion in the Secretary's dismissal of Petitioners' exceptions, application for rehearing and petition to reopen.

Order affirmed.

---

[2] Petitioners concede before this Court that the sign in question violates the Outdoor Advertising Control Act of 1971, Act of December 15, 1971, P.L. 596. *as amended,* 36 P.S. 2718.101 through 2718.115 and the regulations promulgated thereunder. Petitioners argue, however, that they were unable to raise the issue of selective administrative enforcement until the Department had determined the sign's illegality. Petitioners cite no authority for such a proposition and our research discloses none. We agree with the succinct observation of counsel for respondent that Petitioners might easily have conceded the illegality of the sign at the hearing and proceeded to offer evidence of selective enforcement. There was no legal bar to consideration of the issue at the scheduled hearing.

### ORDER

Now, December 12, 1983, the order of the Secretary of Transportation in the above referenced matter, dated July 8, 1982, is hereby affirmed.