# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ming Wei, : 
               Petitioner : 
                : No. 263 C.D. 2015
         v. : 
                : Submitted: August 7, 2015
State Civil Service Commission : 
(Department of Health), : 
               Respondent : 

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH             FILED: September 18, 2015

Ming Wei (Petitioner) petitions for review of the January 21, 2015 order of the Pennsylvania State Civil Service Commission (Commission) denying Petitioner's motion to reopen his case and determining that none of Petitioner's alleged newly discovered evidence was either concealed by fraud or otherwise unavailable to be discovered at the time of Petitioner's original administrative hearing before a commissioner on December 3, 2007.

## Background and Procedural History

Petitioner worked as an epidemiologist and was the data manager for the Pennsylvania Department of Health's (Department) human immunodeficiency virus, acquired immune deficiency syndrome (HIV/AIDS) epidemiology team. (Doc. A3,

Ex. 1; Doc. A3, Ex. 6.) Petitioner was responsible for transferring data to different formats. (Doc. B1, Ex. 6.) On May 16, 2007, Petitioner was given a direct order to complete the 2005 backlog data assignment within six weeks. (Doc. A3, Ex 2.) By letter dated September 4, 2007, Petitioner was discharged from employment, effective September 7, 2007, for insubordination and unsatisfactory work performance.[1] (Doc. A3, Ex. 1.) The termination letter specifically stated that Petitioner failed to complete "the 2005 backlog data work assignment as directed by July 31, 2007." (Doc. A3, Ex. 1.)

Petitioner appealed his discharge to the Commission which, following a hearing, dismissed the appeal by adjudication and order dated March 7, 2008. Specifically, the Commission stated as follows:

> The [C]omission finds that the appointing authority's evidence established that by failing to complete the HARS HIV/AIDS data conversion assignment, appellant exhibited unsatisfactory work performance and insubordination. [Employer's witnesses] credibly testified that this assignment was appellant's responsibility, and his alone. [Employer's witness'] credible testimony, and the evidence offered by the April 9, 2007 e-mails, shows that appellant was insubordinate in refusing for six months to accept this responsibility and complete the assignment. We are not persuaded by appellant's arguments that his failure to complete his assignment was not his fault, but rather, the fault of the appointing authority. [Employer's witness] offered ample, credible, evidence that she helped appellant with the assignment by transferring some of his job duties

---

[1] Petitioner had previously received written reprimands on April 4, 2007, for failing to attend a pre-scheduled team meeting without notifying his supervisor; May 23, 2007, for failing to complete his work on time; and July 2, 2007, for sending an inappropriate e-mail to his supervisor alleging an abusive work environment that caused him to have health problems. (Doc. A3, Ex. 3-5.) Petitioner had previously been suspended from July 23-27, 2007, for failure to complete the 2005 backlog data task, inappropriate behavior, and insubordination. (Doc. A3, Ex. 2.)

to other staff members as he requested, thereby lightening his workload. We also accept as credible [Employer's witness'] testimony that she did not stop appellant from training other people to help him with his duties, nor did she deny appellant any training he may have needed to complete the assignment. The Commission is not persuaded by appellant's argument that he needed more time and more help to complete the assignment, especially in view of the fact that he did not show any significant progress on it for six months, and we accept [Employer's witness'] testimony that he did not show her the 424,498 records that he claimed he converted. The picture that emerges from the testimony is one of consistent insubordination and unsatisfactory work performance in that despite the appointing authority's help, and a written reprimand and a suspension, appellant neither completed nor made any substantial progress toward completing the assignment by the July 31, 2007 deadline.

Appellant's insubordination and unsatisfactory work performance provided just cause for his removal because it had a direct impact on his job performance, and directly involves his competence and ability as an Epidemiologist.

(Commission's adjudication and order at 24-25) (citation omitted).

In *Wei v. State Civil Service Commission (Department of Health)*, 961 A.2d 254 (Pa. Cmwlth. 2008) (*Wei I*), this Court affirmed the Commission's dismissal of Petitioner's appeal challenging his termination. Specifically, we held that the Commission did not err in: determining that Petitioner was not entitled to an interpreter at the Commission's hearing pursuant to 28 U.S.C. §1827; limiting the testimony to only questions and responses concerning the data conversion process to be used by Petitioner during the time period that he was assigned his tasks that he did not successfully complete; crediting the testimony of the Department's witnesses; determining that Petitioner was given ample time and resources to complete his tasks; determining that Petitioner's removal was not discriminatory; and concluding that the

3

Department's witnesses consistently testified during the Commission's hearing and the hearing before the Unemployment Compensation Board of Review.

On December 17, 2014, Petitioner filed a motion with the Commission to reopen the case based on alleged newly discovered evidence. By order dated January 21, 2015, the Commission denied the motion. Citing *Fritz v. Commonwealth, Department of Transportation*, 468 A.2d 538 (Pa. 1983), the Commission found that Petitioner's alleged newly discovered evidence, *inter alia*, internal e-mail conversations that both included and did not include Petitioner, meeting minutes, and Department policies and reports, was neither concealed by fraud nor otherwise unavailable to be discovered by Petitioner at the time of his original administrative hearing. Accordingly, the Commission determined that the alleged newly discovered evidence did not meet the standard necessary to grant Petitioner's motion to reopen the case. On February 10, 2015, Petitioner filed an application for reconsideration, which the Commission denied by letter dated March 12, 2015.

## Discussion

On appeal to this Court, Petitioner argues that the Commission erred in determining that his newly discovered evidence did not satisfy the standard required for reopening the case. Petitioner also asserts that the Commission denied him procedural rights guaranteed by the Administrative Agency Law during his original administrative hearing.

Initially, we note that "[a] decision to . . . reopen a record is within the discretion of an administrative agency, and the exercise of that discretion by the agency will not be reversed unless a clear abuse is shown." *Fritz*, 468 A.2d at 539.

A petition to reopen is properly denied if there are no material changes of fact or law or new evidence that was not discoverable prior to the conclusion of the hearing. *Shoemaker v. State Employes' Retirement Board*, 688 A.2d 751, 753 (Pa. Cmwlth. 1997).

The General Rules of Administrative Practice and Procedure (GRAPP) provide for a petition to reopen a case as follows:

> After the conclusion of a hearing in a proceeding or adjournment thereof sine die, a participant in the proceeding may file with the presiding officer, if before issuance by the presiding officer of a proposed report, otherwise with the agency head, a petition to reopen the proceeding for the purpose of taking additional evidence. The petition shall set forth clearly the facts claimed to constitute grounds requiring reopening of the proceeding, including material changes of fact or of law alleged to have occurred since the conclusion of the hearing.

1 Pa. Code §35.231(a). However, GRAPP does not provide for the reopening of a case after the adjudication has been issued. *See Commonwealth, Department of Justice v. Commonwealth, State Civil Service Commission*, 319 A.2d 692, 693-94 (Pa. Cmwlth. 1974) (holding that, in accordance with the Civil Service Act[2] and GRAPP, a case may be reopened prior to the issuance of an adjudication only where there is additional evidence to be presented).

We further note that, in this matter, an adjudication had been issued in 2007, upheld upon reconsideration, and affirmed in this Court. *Wei I*. Pursuant to 1 Pa. Code §35.231, a case may only be reopened for the purpose of taking additional evidence when there have been material changes of fact or law that have occurred since the conclusion of the hearing. Pursuant to 1 Pa. Code §35.241, "[a]n

---

[2] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.1-741.1005.

application for rehearing or reconsideration may be filed by a party to a proceeding within 15 days . . . after the issuance of an adjudication or other final order by the agency."

Here, Wei is requesting that the record be reopened for the introduction of alleged newly discovered evidence well past the time for Wei to make such a request. An adjudication has already been issued in this case, and, as stated earlier, GRAPP, the Civil Service Act, and the Commission's rules do not provide for the reopening of a case once the decision has been rendered. 1 Pa. Code §35.231(a); *Department of Justice*.

As noted above, both our Supreme Court and this Court have addressed the reopening of a case/record. In *Fritz*, the petitioners attempted to secure a permit for a sign to advertise their business. The Pennsylvania Department of Transportation (DOT) scheduled a hearing but the petitioners withdrew their request to have a hearing on the matter. The presiding officer issued a proposed report denying the application and ordering the petitioners to remove the sign. Subsequently, the petitioners filed exceptions to the proposed report, an application for rehearing or reconsideration, and a petition to reopen. DOT's Secretary dismissed the exceptions and denied the application and petition.

On appeal to this Court, we noted that an agency has discretion to grant a rehearing or to reopen a case and that the decision should not be reversed absent an abuse of discretion. We further noted that a petition for rehearing is properly denied when a party fails to demonstrate a change in circumstances or newly discovered evidence. We stated that the petitioners could not be heard on issues relating to their sign when they failed to attend the hearing and notified DOT of their intention to abandon the matter. We found that DOT did not abuse its discretion in denying the

6

petitioners' request for a rehearing and to reopen the case, because the petitioners asserted "no change of circumstance or new evidence which could not have been presented at the hearing or which was not known or available at that time." 468 A.2d at 539.

In *Shoemaker*, the petitioner requested that the State Employes' Retirement System (SERS) eliminate the frozen present value of her deceased husband's initial retirement account. SERS denied the petitioner's request. A hearing examiner subsequently held a hearing and also recommended denial of the request. The petitioner appealed to the State Employes' Retirement Board (Board). The petitioner also filed a motion to reopen the record in order to introduce evidence that other employees who were counseled by a different SERS employee, other than the one who counseled the petitioner's husband, were subsequently allowed to eliminate the frozen present value on their accounts; the retirement counselor's testimony; and testimony of SERS employees with knowledge of the situation. The Board denied her motion and her request to eliminate the frozen present value on the retirement account.

On appeal to this Court, we noted, in relevant part, that a motion to reopen must clearly set forth the facts constituting grounds for reopening, including any alleged material changes of fact or law since the hearing's conclusion. We further noted that any "material changes of fact must not have been discoverable prior to the conclusion of the hearing." *Id.* at 753. Because all of the evidence that the petitioner sought to introduce was known and available to the petitioner at the time of the hearing and no material changes of fact or law had been alleged, we determined that the Board did not abuse its discretion in denying the motion.

7

As distinguished from *Fritz* and *Shoemaker*, here, Petitioner filed his motion to reopen after an adjudication had been issued. *Wei I.* Accordingly, the Commission did not abuse its discretion in denying Petitioner's motion to reopen the case.

Moreover, Petitioner asserts that he could present newly discovered evidence, such as internal correspondence, meeting minutes, and Department policies and reports, that was not available to him at the time of his original administrative hearing on December 3, 2007, because he did not discover these documents until his subsequently-filed federal district court case involving the same matter. However, all of these e-mail conversations and Department policies would have been available to Petitioner at the time of his original administrative hearing, as the majority of the documents alleged to be newly discovered evidence have creation dates prior to his administrative hearing and he was previously aware of at least one meeting on March 19, 2007, as evidenced by an e-mail conversation with his supervisor. (Doc. A3, Ex. 7, 9; Doc. B1, Ex. 6, 8a-8d, 10b-10d, 23b; Doc. B2, Ex. 7, 11a-11b.) There is no language in any of the alleged newly discovered evidence, *i.e.*, a Department chart discussing employment needs, a 2005-06 program revision request proposal requesting an increase in staff to assist in processing HIV/AIDS disease reports, a Department document stating how many HIV/AIDS reports were received per month, minutes from a December 12, 2005 staff meeting, e-mail correspondence discussing the draft format for the conversion assignment, or an e-mail sent by Petitioner to his supervisor on July 2, 2007 updating his progress on his reports completed for his assignment, that demonstrates that Petitioner completed his assigned task. (Doc. B1, Ex. 1a-c, 3d, 7a-7b, 8c.)

Petitioner further argues that the Department fraudulently concealed these documents from him, they were not discovered until after the date of his original administrative hearing, and that some of the documents were not available to him until the Department returned his belongings in June 2009. However, as previously noted, Petitioner was aware of the Department's meetings and was a party to the majority of the e-mail correspondence. Thus, Petitioner has not presented any evidence, besides his bald assertions, that the Department fraudulently concealed any documents from him prior to his original administrative hearing or that these records were unavailable to him before his administrative hearing commenced. *Shoemaker*; *Fritz*.

Petitioner also seeks to introduce testimony from his original administrative hearing and from another case recently decided by this Court in *Wei v. Commonwealth of Pennsylvania*, (Pa. Cmwlth. No. 1500 C.D. 2014, filed June 18, 2015) (affirming the court of common pleas' order that dismissed Petitioner's complaint regarding his termination for lack of jurisdiction), involving these same matters for the purpose of demonstrating that Petitioner's supervisor falsely testified that she checked on his progress concerning the 2005 backlog data on July 2, 2007, that Petitioner's supervisor was not familiar with the process of converting the data, and that Petitioner sent a timely e-mail to Employer showing that he made substantial progress on the project. (Doc. B1, Ex. 15; Doc. B2, Ex. 4, 6.) However, in this regard, Petitioner merely seeks to relitigate the issues decided by this Court in *Wei I*, and the appropriate remedy for such was to file a petition for rehearing within fifteen days after the issuance of an adjudication, which occurred in 2007 in this case. 1 Pa. Code §35.241. Thus, we conclude that the Commission did not abuse its discretion in

9

determining that Petitioner's alleged newly discovered evidence was not fraudulently concealed or otherwise unavailable at the time of his original administrative hearing.

Petitioner also asserts that the Department denied his requests for an interpreter and a continuation of the original administrative hearing as guaranteed by the Administrative Agency Law. These are the same issues previously decided by this Court in *Wei I*, and Petitioner has failed to demonstrate how the circumstances have changed since his original administrative hearing or that the evidence he now seeks to present was not known or available to him at the time of the hearing. *Shoemaker*. Therefore, we conclude that the Commission also did not abuse its discretion in denying Petitioner's application to reopen the case on this basis.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ming Wei,        :
     Petitioner   :
          : No.  263 C.D. 2015
    v.      :
          :
State Civil Service Commission :
(Department of Health),   :
     Respondent :

## ***ORDER***

AND NOW, this 18th day of September, 2015, the January 21, 2015 order of the Pennsylvania State Civil Service Commission is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge