IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ming Wei,                              :
             Petitioner       :
                                         :
                                         :  No. 1321 C.D. 2018
             v.                    :
                                         :  Submitted:  March 1, 2019
State Civil Service Commission         :
(Pennsylvania Department of Health),   :
             Respondent       :


*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                        FILED:  May 9, 2019


          Ming Wei (Wei) petitions for review of the September 20, 2018 order of the Pennsylvania State Civil Service Commission (Commission) denying Wei's motion to reopen his case and determining that his alleged newly discovered evidence was available to him when he filed previous motions to reopen based upon alleged newly discovered evidence.


## **Background and Procedural History**

          This matter is one of now four related appeals filed by Wei, *pro se*, from orders of the Commission initially dismissing Wei's appeal challenging his termination and denying his three subsequent motions to reopen the case based on alleged newly discovered evidence.  Wei appealed the Commission's first three orders to this Court and each time we affirmed.  Wei now seeks review of the September 20, 2018 order of the Commission denying his third motion to reopen and determining that

none of Wei's alleged newly discovered evidence was unavailable to him at the time he filed his prior motions to reopen.

This Court's decisions in those prior appeals, *Wei v. State Civil Service Commission (Department of Health)*, 961 A.2d 254 (Pa. Cmwlth. 2008) (*Wei I*), *Wei v. State Civil Service Commission (Department of Health)* (Pa. Cmwlth. No. 263 C.D. 2015, filed September 18, 2015) (*Wei II*), and *Wei v. State Civil Service Commission (Department of Health)* (Pa. Cmwlth. No. 1902 C.D. 2016, filed September 1, 2017) (*Wei III*), establish the following history of this dispute.

Wei worked as an epidemiologist and was the data manager for the Pennsylvania Department of Health's (Department) human immunodeficiency virus and acquired immune deficiency syndrome (HIV/AIDS) epidemiology team. Wei was responsible for transferring data to different formats. On May 16, 2007, Wei was given a direct order to complete the 2005 backlog data assignment within six weeks. By letter dated September 4, 2007, Wei was discharged from employment, effective September 7, 2007, for insubordination and unsatisfactory work performance.[1] The termination letter stated that Wei failed to complete the backlog data format conversion assignment given to him by July 21, 2007. *Wei II*, slip op. at 2.

Wei appealed his discharge to the Commission which, following a hearing, dismissed the appeal by adjudication and order dated March 7, 2008. Specifically, the Commission stated as follows:

---

[1] Wei had previously received written reprimands on April 4, 2007, for failing to attend a pre-scheduled team meeting without notifying his supervisor; May 23, 2007, for failing to complete his work on time; and July 2, 2007, for sending an inappropriate e-mail to his supervisor alleging an abusive work environment that caused him to have health problems. Wei had previously been suspended from July 23-27, 2007, for failure to complete the 2005 backlog data task, inappropriate behavior, and insubordination. *Wei II*, slip op. at 2.

The [C]omission finds that the appointing authority's evidence established that by failing to complete the HARS[2] HIV/AIDS data conversion assignment, [Wei] exhibited unsatisfactory work performance and insubordination. [Employer's witnesses] credibly testified that this assignment was [Wei's] responsibility, and his alone. [Employer's witness'] credible testimony, and the evidence offered by the April 9, 2007 e-mails, shows that [Wei] was insubordinate in refusing for six months to accept this responsibility and complete the assignment. We are not persuaded by [Wei's] arguments that his failure to complete his assignment was not his fault, but rather, the fault of the appointing authority. [Employer's witness] offered ample, credible, evidence that she helped [Wei] with the assignment by transferring some of his job duties to other staff members as he requested, thereby lightening his workload. We also accept as credible [Employer's witness'] testimony that she did not stop [Wei] from training other people to help him with his duties, nor did she deny [Wei] any training he may have needed to complete the assignment. The Commission is not persuaded by [Wei's] argument that he needed more time and more help to complete the assignment, especially in view of the fact that he did not show any significant progress on it for six months, and we accept [Employer's witness'] testimony that he did not show her the 424,498 records that he claimed he converted. The picture that emerges from the testimony is one of consistent insubordination and unsatisfactory work performance in that despite the appointing authority's help, and a written reprimand and a suspension, [Wei] neither completed nor made any substantial progress toward completing the assignment by the July 31, 2007 deadline.

[Wei's] insubordination and unsatisfactory work performance provided just cause for his removal because it had a direct impact on his job performance, and directly involves his competence and ability as an Epidemiologist.

*Wei II*, slip op. at 2-3 (quoting Commission's adjudication and order at 24-25).

---

2 The HARS acronym appears to refer to the "HIV/AIDS Reporting System." (Reproduced Record (R.R.) at Doc. B, p. 14.)

3

In *Wei I*, this Court affirmed the Commission's denial of Wei's appeal challenging his termination. Specifically, we held that the Commission did not err in: determining that Wei was not entitled to an interpreter at the Commission's hearing pursuant to 28 U.S.C. §1827; limiting the testimony to only questions and responses concerning the data conversion process to be used by Wei during the time period that he was assigned his tasks that he did not successfully complete; crediting the testimony of the Department's witnesses; determining that Wei was given ample time and resources to complete his tasks; determining that Wei's removal was not discriminatory; and concluding that the Department's witnesses offered consistent testimony during the Commission's hearing and the hearing before the Unemployment Compensation Board of Review. *Wei I*, 961 A.2d at 255-61.

On December 17, 2014,[3] Wei filed a motion with the Commission to reopen the case based on alleged newly discovered evidence. By order dated January 21, 2015, the Commission denied the motion. Citing *Fritz v. Department of*

---

[3] Wei filed suit in United States District Court for the Middle District of Pennsylvania on April 13, 2011, alleging violations of Title VII for retaliation and national origin/racial harassment and discrimination; the Civil Rights Act of 1964, 42 U.S.C. §§1983, 1985, for defamation and intentional infliction of emotional distress; the Pennsylvania Human Relations Act (PHRA), Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§951-963, based on discipline during his employment and termination; and the United States Constitution for deprivation of property/due process. On June 6, 2012, the district court dismissed his counts under 42 U.S.C. §1983 for intentional infliction of emotional distress, discipline, and termination; his PHRA counts; and his deprivation of property/due process claim. *Wei v. Pennsylvania Department of Health*, No. 1:11-CV-688, 2012 WL 2049488 (M.D. Pa. June 6, 2012). The status of this case is unclear from the record.

Wei also filed a complaint against the Department and various Department employees in the Dauphin County Court of Common Pleas on July 22, 2011, challenging his dismissal. By order dated August 25, 2014, the common pleas court dismissed Wei's complaint for lack of jurisdiction based on Wei's failure to effectuate proper service of the complaint. Wei appealed to this Court, and, on June 18, 2015, we affirmed the order of the common pleas court. *Wei v. Department of Health*, (Pa. Cmwlth., No. 1500 C.D. 2014, filed June 18, 2015).

4

*Transportation*, 468 A.2d 538 (Pa. 1983), the Commission found that Wei's alleged newly discovered evidence, *inter alia*, internal e-mail conversations that both included and did not include Wei, meeting minutes, and Department policies and reports, was neither concealed by fraud nor otherwise unavailable to be discovered by Wei at the time of his original administrative hearing. Accordingly, the Commission determined that the alleged newly discovered evidence did not meet the standard necessary to grant Wei's motion to reopen the case. On February 10, 2015, Wei filed an application for reconsideration, which the Commission denied by letter dated March 12, 2015. Wei filed a petition for review with this Court as well as a separate motion for sanctions. *Wei II*, slip op. at 4.

In *Wei II*, we affirmed the Commission's denial of Wei's application to reopen the case. In doing so, we reasoned that Wei filed his motion to reopen after an adjudication had been issued and that the Commission did not abuse its discretion in determining that his alleged newly discovered evidence was not fraudulently concealed or otherwise unavailable at the time of his original administrative hearing. The Court also denied Wei's motion for sanctions in an order dated September 22, 2015. Wei then filed a motion for reconsideration and a petition for allowance of appeal,[4] both of which were denied.

On September 21, 2016, Wei filed a second motion to reopen the case, arguing that newly discovered evidence contradicted key testimony of the Department which supported the just cause to terminate him. On November 18, 2016, the Commission again dismissed Wei's appeal, stating the following:

---

[4] *Wei v. State Civil Service Commission (Department of Health)*, 134 A.3d 58 (Pa. 2016) (unpublished table decision).

5

> This is [Wei's] second request for the Commission to Reopen and reconsider its original adjudication of this 2007 appeal based on alleged "newly discovered evidence." The Commission has carefully reviewed [Wei's] current motion and finds therein no evidence that was not also available to [Wei] when his previous motion to reopen this appeal based on newly discovered evidence was filed by him on December 17, 2014. That motion was denied by the Commission by Order dated February 6, 2015. . . . In the absence of any additional evidence which was not already available to [Wei] for inclusion in his December 17, 2014 Motion to Reopen, this second Motion to Reopen is found to be frivolous and is accordingly denied on that basis.
>
> The appointing authority has asked the Commission to bar [Wei] from filing another future Motion to Reopen, but has cited no legal authority which would empower the Commission to issue such an order; nor is the Commission aware of any statute conferring upon it such power. Accordingly, the appointing authority's request is denied. However, the Commission notes that this Motion to Reopen is frivolous and that it will also find similar Motions to Reopen filed in the future which are also not supported by actual new evidence, to be likewise. Should [Wei] take an appeal from this order to the Commonwealth Court, the Commission is of the belief that sanctions applicable to frivolous appeals, which the Commonwealth Court does have the power to impose, ought to be requested by the appointing authority, and considered by the Court. *See*: Pa. R.A.P. 2744.

(Commission's 2016 order at 1-2.)

Wei thereafter filed a petition for review with this Court as well as a separate motion for sanctions. In *Wei III*, we once again affirmed the Commission's denial of Wei's application to reopen the case. In doing so, we reasoned that Wei filed his motion to reopen after an adjudication had been issued and that the Commission did not abuse its discretion in determining that his alleged newly discovered evidence, which consisted, *inter alia*, of various "admissions" and stipulations by the

6

Department in the federal case, e-mails and meeting minutes from 2004 to 2007, and his position/job description, was not fraudulently concealed or otherwise unavailable at the time of his original administrative hearing. The Court also denied Wei's motion for sanctions in an order dated September 1, 2017. Wei then filed a motion for reconsideration and a petition for allowance of appeal,[5] both of which were denied.

On September 4, 2018, Wei filed his third motion to reopen the case, again arguing that newly discovered evidence contradicted key testimony of the Department which supported the just cause to terminate him. Wei further alleged that such evidence establishes an ongoing fraud committed by the Department and a lack of just cause for his termination, which requires that the Commission's original decision upholding his termination be set aside.

By order mailed September 20, 2018, the Commission denied Wei's third motion to reopen, stating the following:

> This is [Wei's] third request for the Commission to reopen and reconsider its original adjudication of this 2007 appeal based on alleged "newly discovered evidence." The Commission has carefully reviewed [Wei's] current motion and finds therein arguments that are substantially similar to those made in his second Motion to Reopen the Record. No new evidence that was not also available to [Wei] when he filed his previous motions to reopen this appeal based on newly discovered evidence was identified by him in this, his third Motion to Reopen. [Wei] appealed our Order denying his second Motion to Reopen to the Commonwealth Court. His appeal was docketed at 1902 C.D. 2016. In an unreported opinion filed on September 1, 2017, the Commission's decision denying his request to reopen the record was affirmed by the Commonwealth Court. In the

---

[5] *Wei v. State Civil Service Commission (Department of Health)*, 183 A.3d 340 (Pa. 2018) (unpublished table decision).

7

absence of any additional evidence, which was not already available to [Wei] for inclusion in his September 21, 2016 second Motion to Reopen, this third Motion to Reopen is found to be entirely frivolous and is accordingly denied on that basis.

The Commission does not find in [Wei's] third motion any material change of fact or law, or any new evidence that was not discernable prior to the filing of his second Motion to Reopen; therefore this third motion is also properly denied by the Commission. *Shoemaker v. State Retirement Board*, 688 A.2d 751, 753 (Pa. Cmwlth. 1997). Moreover, it does not appear that the Commission has the legal authority to reopen the record of an already adjudicated appeal under applicable Pennsylvania law. *See Commonwealth Department of Justice v. State Civil Service Commission*, 319 A.2d 692, 693-694 (Pa. Cmwlth. 1974); 1 Pa. Code § 35.231(a).

(Commission's 2018 Order at 1-2.) Wei thereafter filed a petition for review with this Court.

## Discussion

### A. Wei's Motion to Reopen

On appeal,[6] Wei continues to make many of the same arguments he made to this Court in *Wei I, II*, and *III*. Wei continues to assert that the Commission erred in ignoring material changes of fact from its initial decision, including that the Department falsified his job duties and his failure to complete the same. Similar to his

---

[6] "This Court's scope of review of a decision of the Commission is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether substantial evidence supports the necessary findings of fact made by the Commission." *Webb v. State Civil Service Commission (Department of Transportation)*, 934 A.2d 178, 184 n.2 (Pa. Cmwlth. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion without weighing the evidence or substituting the judgment of the Commission." *Quinn v. State Civil Service Commission*, 703 A.2d 565, 571 (Pa. Cmwlth. 1997).

8

prior motions, Wei also asserts that the Commission abused its discretion by ignoring the fact that his constitutional and due process rights were violated in the course of his termination from employment with the Department. In making these arguments, Wei again relies on purported "new" evidence obtained in his federal case.

As discussed in our prior opinions, "[a] decision to . . . reopen a record is within the discretion of an administrative agency, and the exercise of that discretion by the agency will not be reversed unless a clear abuse is shown." *Fritz*, 468 A.2d at 539. A petition to reopen is properly denied if there are no material changes of fact or law or new evidence that was not discoverable prior to the conclusion of the hearing. *Shoemaker v. State Employes' Retirement Board*, 688 A.2d 751, 753 (Pa. Cmwlth. 1997).

The General Rules of Administrative Practice and Procedure (GRAPP) provide for a petition to reopen a case as follows:

> After the conclusion of a hearing in a proceeding or adjournment thereof sine die, a participant in the proceeding may file with the presiding officer, if before issuance by the presiding officer of a proposed report, otherwise with the agency head, a petition to reopen the proceeding for the purpose of taking additional evidence. The petition shall set forth clearly the facts claimed to constitute grounds requiring reopening of the proceeding, including material changes of fact or of law alleged to have occurred since the conclusion of the hearing.

1 Pa. Code §35.231(a). However, GRAPP does not provide for the reopening of a case after the adjudication has been issued. *See Department of Justice v. State Civil Service Commission*, 319 A.2d 692, 693-94 (Pa. Cmwlth. 1974) (holding that, in accordance

9

with the Civil Service Act[7] and GRAPP, a case may be reopened prior to the issuance of an adjudication only where there is additional evidence to be presented).

We further note that, in this matter, an adjudication had been issued in 2008, twice upheld upon reconsideration, and affirmed three times by this Court. *See Wei I, II*, and *III*. Pursuant to 1 Pa. Code §35.231, a case may only be reopened for the purpose of taking additional evidence when there have been material changes of fact or law that have occurred since the conclusion of the hearing. Pursuant to 1 Pa. Code §35.241, "An application for rehearing or reconsideration may be filed by a party to a proceeding within 15 days . . . after the issuance of an adjudication or other final order by the agency."

Here, Wei is again requesting that the record be reopened for the introduction of alleged newly discovered evidence well past the time for him to make such a request. An adjudication has already been issued in this case, and, as stated earlier, GRAPP, the Civil Service Act, and the Commission's rules do not provide for the reopening of a case once the decision has been rendered. 1 Pa. Code §35.231(a); *Department of Justice*.

Moreover, as in *Wei II* and *III*, Wei's arguments, even if timely made, are not persuasive. Wei again asserts that the Department admitted in the federal case that he was never assigned the task of converting HARS HIV/AIDS data files. We specifically rejected this argument in *Wei III* and we do so again here for the reasons articulated in *Wei III*. Wei also relies on alleged newly discovered e-mails and Department business records that purportedly establish inconsistencies in the testimony of certain witnesses before the Commission, thereby perpetuating the fraud committed by the Department before the Commission and this Court. However, upon

---

[7] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.1-741.1005.

10

close review, Wei appears to be relying on new, or in some instances, his continued interpretation of the evidence that he had or should have had at the time of his initial hearing before the Commission in 2007. As we noted in *Wei II*,

> [Wei] was aware of the Department's meeting and was a party to the majority of the e-mail correspondence. Thus, [Wei] has not presented any evidence, besides his bald assertions, that the Department fraudulently concealed any documents from him prior to his original administrative hearing or that these records were unavailable to him before his administrative hearing commenced. *Shoemaker*; *Fritz*. [Wei] merely seeks to relitigate issues decided by this Court in *Wei I*, and the appropriate remedy for such was to file a petition for rehearing within fifteen days after the issuance of an adjudication, which occurred in 2007 in this case.

*Wei II*, slip op. at 9. Similarly, here, Wei fails to explain how the Department's business records upon which he now relies were not available to him at the time of the original proceeding before the Commission.

### Conclusion

The Commission issued its original decision in 2008 and neither GRAPP, the Civil Service Act, nor the Commission's rules provide for the reopening of a case once the decision has been rendered. Additionally, the Commission did not ignore material changes of fact from its initial decision, including alleged violations of Wei's constitutional and due process rights. Further, Wei failed to establish how the purported "new" evidence was unknown or unavailable to him at the time of the Commission's original hearing in 2007.

Accordingly, the Commission's order is affirmed.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ming Wei,                                         :
                    Petitioner                    :
                                                  :    No. 1321 C.D. 2018
             v.                                   :
                                                  :
State Civil Service Commission                    :
(Pennsylvania Department of Health),              :
                    Respondent                    :

*PER CURIAM*

## *ORDER*

AND NOW, this 9th day of May, 2019, the order of the Pennsylvania State Civil Service Commission, mailed September 20, 2018, is hereby affirmed.