IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ming Wei,                                        :
                    Petitioner                   :
                                                 :   No.  64 C.D. 2021
            v.                                    :
                                                 :   Submitted:  May 13, 2022
Department of Health (State Civil                :
Service Commission),                             :
                    Respondent                   :


***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                                        FILED: July 15, 2022


            Ming Wei (Wei) petitions for review of the January 4, 2021 order of the
Pennsylvania State Civil Service Commission (Commission), denying Wei's motion
to reopen his case and determining that none of the alleged newly discovered evidence
was unavailable to him at the time of the original administrative hearing before the
Commission on December 3, 2007.  Upon review, we affirm the Commission's order.

**Background and Procedural History**

            Presently, this matter is now one of five related appeals filed by Wei, *pro
se*, including an appeal from the initial March 7, 2008 order of the Commission
dismissing Wei's challenge to his termination from employment and ensuing four
orders denying his other motions to reopen his case based on alleged newly discovered
evidence.  Wei appealed the Commission's previous four orders to this Court and each
time we affirmed the Commission.  Wei now seeks review of the January 4, 2021 order
of the Commission denying his fourth motion to reopen the record, which determined

that none of Wei's alleged newly discovered evidence was unavailable to him at the time he filed his prior motions to reopen.

The background of this matter is well known to the Court and parties and need not be repeated here at length, as it has been recounted and discussed in this Court's decisions in four prior appeals, *Wei v. State Civil Service Commission (Department of Health)*, 961 A.2d 254 (Pa. Cmwlth. 2008), *appeal denied*, 973 A.2d 1008 (Table) (Pa. 2009) (*Wei I*), *Wei v. State Civil Service Commission (Department of Health)* (Pa. Cmwlth. No. 263 C.D. 2015, filed September 18, 2015), *appeal denied*, 134 A.3d 58 (Table) (Pa. 2016) (*Wei II*), *Wei v. State Civil Service Commission (Department of Health)* (Pa. Cmwlth. No. 1902 C.D. 2016, filed September 1, 2017), *appeal denied*, 183 A.3d 340 (Table) (Pa. 2018) (*Wei III*), and *Wei v. State Civil Service Commission (Department of Health)* (Pa. Cmwlth. No. 1321 C.D. 2018, filed May 9, 2019), *appeal denied*, 223 A.3d 660 (Table) (Pa. 2020), *and cert. denied*, 141 S.Ct. 252 (2020) (*Wei IV*). Suffice it to say that in 2008, the Commission determined that the Department of Health (Department) had just cause to support Wei's removal as he was insubordinate and failed to produce satisfactory work. Wei appealed the Commission's decision to this Court, in which we affirmed the Commission in *Wei I*. Over the next decade, Wei filed three motions to "reopen" his case, all of which were denied by the Commission and subsequently appealed to this Court.[1] On each occasion, we have affirmed the Commission's orders denying Wei's motions to reopen.

On October 13, 2020, Wei filed yet another motion to reopen the record on his case, again arguing that newly discovered evidence contradicted key testimony of the Department, which supported the determination of just cause to terminate him.

---

[1] Ancillary to these motions, Wei filed a complaint in the Dauphin County Court of Common Pleas, challenging his termination from employment, which was dismissed for lack of jurisdiction by the common pleas court as Wei failed to effectuate proper service of the complaint. Subsequently, Wei appealed to this Court, and we affirmed the order of the common pleas court. *Wei v. Department of Health* (Pa. Cmwlth. No. 1500 C.D. 2014, filed June 18, 2015).

2

Wei further alleged that such evidence establishes an ongoing "fraud" committed by the Department and overall lack of just cause for his termination, and thus requires that the Commission's original decision upholding his termination be set aside. The Commission denied Wei's motion, noting Wei's previous unsuccessful attempts to reopen his case, and citing to our previous decisions in *Wei I*, *II*, *III*, and *IV*. Subsequently, on January 28, 2021, Wei filed the present appeal with this Court.

## Discussion

On appeal,[2] Wei continues to assert the same arguments he made to this Court in *Wei I*, *II*, *III*, and *IV*. Wei alleges that the Commission erred in ignoring material changes of fact from its initial decision, including that the Department falsified his job duties and his failure to complete the same. Notably, in his Petition for Review, Wei refers to these arguments as a "fraud on the court" committed by the Department, which he argues requires his case to be opened. These are similar, if not identical arguments, to those Wei has previously presented to this Court. During this appeal, Wei once more relies on alleged newly obtained evidence from his federal case.[3]

---

[2] "This Court's scope of review of a decision of the Commission is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether substantial evidence supports the necessary findings of fact made by the Commission." *Webb v. State Civil Service Commission (Department of Transportation)*, 934 A.2d 178, 184 n.2 (Pa. Cmwlth. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion without weighing the evidence or substituting the judgment of the Commission." *Quinn v. State Civil Service Commission*, 703 A.2d 565, 571 (Pa. Cmwlth. 1997).

[3] Wei had filed suit in the United States District Court for the Middle District of Pennsylvania on April 13, 2011, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1983, 1985, and for retaliation and national origin/racial harassment and discrimination for defamation and intentional infliction of emotional distress; the Pennsylvania Human Relations Act (PHRA), Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951-963, based on discipline during his employment and termination; and the United States Constitution for deprivation of property/due process. On June 6, 2012, the district court dismissed his counts under 42 U.S.C. § 1983 for intentional infliction of emotional distress, discipline, and termination; his PHRA counts; and his deprivation of property/due process claim. *Wei v. Pennsylvania Department of Health*, No.
**(Footnote continued on next page…)**

As discussed in our prior opinions, "[a] decision to . . . reopen a record is within the discretion of an administrative agency, **and the exercise of that discretion by the agency will not be reversed unless a clear abuse is shown**." *Fritz v. Department of Transportation*, 468 A.2d 538, 539 (Pa. 1983) (emphasis added). A petition to reopen is properly denied if there are no material changes of fact or law or new evidence that was not discoverable prior to the conclusion of the hearing. *Shoemaker v. State Employes' Retirement Board,* 688 A.2d 751, 753 (Pa. Cmwlth. 1997).

The General Rules of Administrative Practice and Procedure (GRAPP) provide for a petition to reopen a case as follows:

> After the conclusion of a hearing in a proceeding or adjournment thereof sine die, a participant in the proceeding may file with the presiding officer, if before issuance by the presiding officer of a proposed report, otherwise with the agency head, a petition to reopen the proceeding for the purpose of taking additional evidence. The petition shall set forth clearly the facts claimed to constitute grounds requiring reopening of the proceeding, including material changes of fact or of law alleged to have occurred since the conclusion of the hearing.

1 Pa. Code § 35.231(a). Simply put, GRAPP **does not** provide for the reopening of a case **after the adjudication** has been issued. In a limited circumstance, we held in *Department of Justice v. State Civil Service Commission*, that in accordance with the former Civil Service Act[4] and GRAPP, a case may be reopened **prior to the issuance**

---

1:11-CV-688, 2012 WL 2049488 (M.D. Pa. June 6, 2012). Thereafter, Wei appealed to the Third Circuit Court of Appeals. Although it is not apparent from the record, this case appears to have concluded in October 2021 with the circuit court affirming the district court's order. *See Wei v. Pennsylvania*, No. 1:11-CV-688, 2021 WL 4544139 (3d Cir. October 5, 2021).

[4] Former Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.1-741.1005, repealed by the Act of June 28, 2018, P.L 460.

4

**of an adjudication** only when there is additional evidence to be presented. 319 A.2d 692, 693-94 (Pa. Cmwlth. 1974). This means that a case *may* be reopened *before* the issuance of the adjudication. Moreover, after the issuance of an adjudication, there is a limited circumstance of reopening the case to take additional evidence when there have been material changes of fact or law that have occurred since the conclusion of the hearing. 1 Pa. Code § 35.231. Crucially, "[a]n application for rehearing or reconsideration may be filed by a party to a proceeding **within 15 days** . . . after the issuance of an adjudication or other final order by the agency." 1 Pa. Code § 35.241(a).

Here, despite an adjudication being issued in 2007, three times upheld upon reconsideration and affirmed four times by this Court, Wei is yet again, over a decade later, requesting that the record be reopened for the introduction of alleged "newly" discovered evidence well past the time for him to make such a request. *See Wei II*, *III*, and *IV*. The time has long expired for Wei to file a motion to reopen or an application for rehearing/reconsideration. As stated above, GRAPP, the former Civil Service Act, and the Commission's rules do not provide for the reopening of a case once an adjudication has been issued. *See* 1 Pa. Code § 35.231(a); *Department of Justice*, 319 A.2d at 693-94. In its latest order, the Commission noted this fact and found that it lacked the "legal authority to reopen the record of an already adjudicated appeal under applicable Pennsylvania law." Petition for Review at 13.

In addition, even if the arguments made in the present appeal and *Wei II*, *III*, and *IV*, were timely made, they are not persuasive. Wei once again asserts that the Department admitted in the federal case that he was never assigned the task of converting HARS HIV/AIDS data files. We rejected this in *Wei III* and *IV*, and we do so again here for the reasons articulated in *Wei III* and *IV*. Wei also relies on alleged newly discovered e-mails and the Department's business records that purportedly establish inconsistencies in the testimony of certain witnesses before the Commission, thereby establishing the Department perpetrated a fraud on the Commission and this

5

Court.  However, upon close review, Wei appears to be relying on his continued distortion of the evidence that he had or should have had at the time of his initial hearing before the Commission in 2007.  As we noted in *Wei II*, and referred to again in *Wei III* and *IV*,

> [Wei] was aware of the Department's meeting and was a party to the majority of the e-mail correspondence.  Thus, [Wei] has not presented any evidence, besides his bald assertions, that the Department fraudulently concealed any documents from him prior to his original administrative hearing or that these records were unavailable to him before his administrative hearing commenced.  [Wei] merely seeks to relitigate issues decided by this Court in *Wei I*, and the appropriate remedy for such was to file a petition for rehearing within fifteen days after the issuance of an adjudication, which occurred in 2007 in this case.

*Wei II*, slip op. at 9 (internal citations omitted).  Similarly, Wei fails to explain how the Department's documents and business records upon which he now relies were not available to him at the time of the original proceeding.  Moreover, Wei's reproduced record largely consists of documents, e-mails, and transcripts that this Court has now seen, reviewed, and considered numerous times.

Lastly, we must address the repetitious manner of Wei's litigation.  Since the original adjudication of this case in 2007, Wei has sought to relitigate the facts surrounding his dismissal via every imaginable method of litigation in both state and federal trial and appellate courts.  Although Wei posits that he is presenting new arguments, he is simply rephrasing and recycling the same arguments.  Currently, this motion is Wei's fourth attempt to "reopen" the same underlying case.  We strongly caution Wei of continuing to pursue this matter in such a repetitious manner, as he has in the present appeal and in *Wei II*, *III*, and *IV*.  Pursuant to Pa. R.A.P. 2744, this Court has the discretion and authority to award counsel fees for a frivolous or vexatious

6

appeal, as it is this Court's method to curb such blatant abuse of the legal process. Should Wei file any further meritless appeal in this manner, found to be frivolous or vexatious in any manner or respect, we will not hesitate to impose the full weight of awards for damages, fees, costs, and/or any other sanctions found applicable.

## Conclusion

In 2008, the Commission issued its order and neither GRAPP, the former Civil Service Act, nor the Commission's rules provide for the reopening of a case after the adjudication of the case. This means that the Commission lacks the legal authority to reopen the record on Wei's case. Additionally, Wei failed to establish how the purported newly discovered evidence was unknown or unavailable to him at the time of the Commission's original hearing in 2007.

Accordingly, the Commission's order is affirmed.

### IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ming Wei,                                                          :
                  Petitioner      :
                                        :
                                        :   No.  64 C.D. 2021
          v.                                                    :
                                          :
Department of Health (State Civil                :
Service Commission),                             :
                  Respondent    :

### *PER CURIAM*

### ***ORDER***

AND NOW, this 15th day of July, 2022, the order of the Pennsylvania State Civil Service Commission, mailed January 4, 2021, is hereby affirmed.